**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4127**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDY D. PAGE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:15-cr-00852-TMC-1)

Submitted: August 16, 2018                    Decided: August 20, 2018

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant. William Jacob Watkins, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandy D. Page pled guilty, without a plea agreement, to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012). The district court sentenced Page to 18 months' imprisonment followed by 3 years' supervised release and ordered her to pay $253,140.37 in restitution. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Page's term of imprisonment, which is below the advisory Sentencing Guidelines range. Page was advised of her right to file a supplemental brief, but she did not do so. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49-51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated

2

Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We conclude that Page's sentence is reasonable. The district court properly calculated Page's Guidelines range, listened to the parties' arguments and Page's allocution, carefully considered the § 3553(a) factors, and offered a lengthy explanation for its sentencing decision. Moreover, Page has offered nothing to rebut the presumption that her below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Page, in writing, of her right to petition the Supreme Court of the United States for further review. If Page requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Page.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3